**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 21-cv-02306-RM-KLM

ROBERT-LAWRENCE PERRY,

      Plaintiff,

v.

CITY OF FORT COLLINS,
CSU BOARD OF GOVERNORS, and
STEVEN VASCONCELLOS,

      Defendants.

---

**ORDER**

---

Before the Court is the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 74) to grant two Motions to Dismiss by Defendant City of Fort Collins (ECF No. 51) and Defendants Colorado State University Board of Governors and Vasconcellos (ECF No. 53). Plaintiff has filed an Objection to the Recommendation (ECF No. 77). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.      BACKGROUND**

Plaintiff was indigent and/or homeless when CSU campus police issued him multiple exclusionary orders and trespassing citations, including one which resulted in his being sentenced to sixty-six days in jail. (*Id.* at ¶¶ 4, 134, 209.) In this lawsuit, he seeks declaratory

and injunctive relief, challenging his exclusion from the CSU campus and the City's trespass and camping ordinances.

Defendants filed two Motions to Dismiss, which were referred to the magistrate judge for a Recommendation. After the Motions were fully briefed, the magistrate judge recommended that they both be granted. The magistrate judge concluded that Plaintiff's claims against the Board were barred by Eleventh Amendment immunity and that he failed to state a claim against Defendant Vasconcellos, who is mentioned just twice in Plaintiff's eighty-page Petition. With respect to Plaintiff's claims against the City, the magistrate judge concluded that Plaintiff's allegations were insufficient to show a violation of his rights under the Fifth, Eighth, Fourteenth, or Fourth Amendments or to state a claim under 42 U.S.C. §§ 1985 and 1986.

## II.    LEGAL STANDARDS

### A.    Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.    Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### C.    Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter."  "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  Dismissal under Fed. R. Civ. P. 12(b)(1) is not a judgment on the merits of the plaintiff's case but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction).  Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### D.    Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Brokers'*

*Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## III.    ANALYSIS

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *see also McCray v. Social Sec. Admin.*, 435 F. Supp. 3d 1186, 1191 (D.N.M. 2020) ("Objections must be made with specificity; general or conclusory objections are insufficient.").  Here, Plaintiff's Objection raises few specific issues with the magistrate judge's analysis and appears to be largely devoted to reasserting arguments he made in response to the Motions to Dismiss.  Where he does identify perceived errors, he provides only general or conclusory explanations.  For instance, he contends that the magistrate judge "refuses to acknowledge individual defendants as necessary parties" but fails to identify any individual defendants and explain why they are necessary.  He also contends that the magistrate judge misinterpreted his Petition but offers no authority or reasons for why the Motions to Dismiss should not be granted.

Plaintiff's implicit challenges to other rulings by the magistrate judge—or the timing of those rulings—fail to show that the magistrate judge did anything wrong, much less committed

clear error.  To the extent Plaintiff has disagreements with the outcomes of such rulings, they are not properly raised in his Objection, and, in any event, he provides no basis for revisiting those rulings.

Plaintiff has not explained how the "continuing injury exception" applies in this case or shown that the magistrate judge erred in concluding that his as-applied challenge to the City's trespass ordinance is barred by the applicable statute of limitations.  And Plaintiff is simply mistaken about the role of magistrate judges in making recommendations on dispositive motions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff's Objection misconstrues the Recommendation in several respects.  For example, the magistrate judge concluded that Plaintiff failed to identify a fundamental right that would support a claim under the Equal Protection Clause, but the Recommendation does not state that Plaintiff "lacks any private interest right to conduct activities of daily living and private interest right of access to public places."   (ECF No. 77 at 3.)  The magistrate judge also concluded that the Board, which operates as an arm of the state, is entitled to sovereign immunity under the Eleventh Amendment—not that any individual Defendant was entitled to same. (*Cf. id.* at 12.)

With respect to the portions of the Recommendation to which Plaintiff did not specifically object, the Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented.  *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

## IV.  CONCLUSION

The Court OVERRULES the Objection (EF No. 77), ACCEPTS the Recommendation

(ECF No. 74), and GRANTS the Motions to Dismiss (ECF Nos. 51, 53).  The Clerk is directed

to CLOSE this case.

DATED this 21st day of March, 2023.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge